*89 OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, action reinstated and judgment directed to be entered in favor of plaintiff in the principal sum of $2,609.91.
Plaintiff commenced this small claims action seeking to recover the sum of $2,609.91 for property damage resulting from an automobile accident caused by defendant’s negligence on April 17, 2007. Defendant conceded liability, and the Justice Court conducted a trial to determine the amount to be awarded for the repair and replacement of plaintiffs damaged car door. At trial, there was no dispute that the auto body shop had replaced the door with a new door at a cost of $2,609.91, and that defendant’s insurance carrier Nationwide Insurance Company had declined to pay plaintiff for said repair, claiming that the damaged door should have been replaced with a used door. The office manager of the auto body shop testified that plaintiff’s vehicle had been in his shop for 15 days after Nationwide had contacted him and agreed to be responsible for the repair of the vehicle. However, prior to that time, plaintiffs insurer had approved the repairs, including the installation of a new door. The evidence presented by defendant established that Nationwide had been notified of the loss on April 18, 2007, one day after the accident. The adjuster for defendant’s insurer testified that he had inspected the vehicle on April 26, 2007, but he had not approved the supplemental bill submitted at a later date by the auto body shop for a new door. The Justice Court found that defendant, through her insurance company, was deprived of the opportunity to inspect the vehicle and approve or negotiate the necessity of the claimed repair. Consequently, the court dismissed the action.
In our view, plaintiff is entitled to an award of damages in the principal sum of $2,609.91 based upon the evidence adduced at trial establishing the reasonable value of the necessary repairs made to plaintiffs vehicle (see generally Mascolo v B. Reitman Blacktop Inc., 8 Misc 3d 133[A], 2005 NY Slip Op 51162[U] [App Term, 9th & 10th Jud Dists 2005]). Moreover, any opportunity defendant had, through her insurance company, to approve or negotiate the necessity of the repair had been forfeited since more than six days had elapsed from the date defendant’s insurer was notified of the loss and, thus, defendant could not generally challenge the “chosen manner of repair” (11 NYCRR *90 216.7 [b] [8]). Accordingly, substantial justice requires reversal of the judgment dismissing the claim, reinstatement of the action, and entry of judgment in favor of plaintiff in the principal sum of $2,609.91 (see UJCA 1807).
The decision and order of this court entered herein on June 2, 2009 are hereby recalled and vacated (see motion decided simultaneously herewith).
Rudolph, EJ., and Molía, J., concur; Scheinkman, J., taking no part.